UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------

ORIENT EXPRESS CONTAINER CO.
LTD. and OEC FREIGHT (NY) INC.,
                        Plaintiffs,

-v-

VERDE TEXTILE USA
CORPORATION and HIGH HOPE
INTERNATIONAL GROUP,
                        Defendants.

18-CV-5847 (JPO)

OPINION AND ORDER

---------------------------------------

J. PAUL OETKEN, District Judge:

On June 28, 2018, Plaintiffs Orient Express Container Co. Ltd. and OEC Freight (NY) Inc. (together, "Orient Express") filed this declaratory judgment action against Verde Textile USA Corporation ("Verde").[1] (Dkt. No. 1 ("Compl.").) Verde failed to respond to the complaint within the allotted time, and Orient Express now moves for default judgment. (Dkt. No. 20.) For the reasons that follow, the motion is granted in part and denied in part.

**I.    Background**

For purposes of deciding this motion, the Court accepts as true all factual allegations pleaded in Orient Express's complaint. *See Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (per curiam).

At some point prior to the commencement of this lawsuit, Orient Express entered into a maritime contract by which it agreed to carry a shipment of goods from Shanghai, China, to Long Beach, California, pursuant to a bill of lading that specified the terms and conditions of delivery. (Compl. ¶ 10; Dkt. No. 1-1; Dkt. No. 21 ¶ 5.) Orient Express delivered the shipment

---

[1] High Hope International Group was also initially named as a defendant in this suit, but Orient Express has since voluntarily dismissed its claims against this defendant. (Dkt. No. 22.)

according to the terms of the contract, but Verde, the company that was due to receive the goods, failed to collect them upon arrival. (Compl. ¶¶ 14–15.) As a result, Orient Express was obliged to put the goods in storage and, in doing so, has incurred substantial expenses. (Compl. ¶ 14.)

The terms and conditions laid out in the bill of lading provide, as relevant here, that Orient Express "shall have a lien on the [g]oods" contained in the shipment at issue "for all sums due under this contract," as well as "the cost of recovering such sums, inclusive of attorney fees." (Compl. ¶ 12.) And this lien, the terms and conditions further provide, "may be enforced by [Orient Express] by public or private sale at the expense of and without notice" to Verde, the consignee, *i.e.*, intended recipient, of the goods. (*Id.*)

On June 20, 2018, Orient Express wrote to advise Verde that the goods "remain[ed] uncollected and [were] now accruing storage and other charges on a daily bas[is]" and that Verde would be liable for these charges, as well as "interest and attorney's fees incurred by [Orient Express] in this matter." (Dkt. No. 21-1 at 14.) Unless Verde paid the amount due, Orient Express warned, it would file a lawsuit and "exercise its right . . . to sell the goods . . . to satisfy [Verde's] debt to [Oriental Express]." (Dkt. No. 21-1 at 15.)

True to its word, Orient Express then commenced this lawsuit on June 28, 2018, asserting a single count against Verde under the Declaratory Judgment Act, 28 U.S.C. § 2201, and seeking a judicial declaration that Orient Express has the authority under the terms of its contract to exercise its maritime lien, sell the goods at issue, and use the proceeds to recoup the expenses it has incurred in storing and transporting Verde's goods (Compl. at 8)—expenses that allegedly total $26,076.69, inclusive of interest and attorney's fees (Dkt. No. 21 ¶ 10). Verde failed to respond to Orient Express's complaint, and the Clerk of Court issued a certificate of default

against Verde on December 4, 2018. (Dkt. No. 14.) Orient Express then filed a motion for default judgment against Verde. (Dkt. No. 20.) The Court turns to the merits of that motion.

II. **Legal Standard**

When a defendant "has failed to plead or otherwise defend" a lawsuit, that defendant is in default and is deemed, for purposes of liability, to have admitted all well-pleaded allegations in the complaint. *Belizaire v. RAV Investigative & Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 343–44 (S.D.N.Y. 2014) (quoting Fed. R. Civ. P. 55(a)). At that point, the plaintiff is entitled to default judgment if the complaint's allegations "establish [the defendant's] liability as a matter of law." *Id.* at 344 (alteration in original) (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)).

In contrast to the facts supporting liability, however, "the amount of damages" alleged in the complaint "are not deemed true" in the event of a default. *Tiffany (NJ) Inc. v. Luban*, 282 F. Supp. 2d 123, 124 (S.D.N.Y. 2003) (quoting *Credit Lyonnais Sec. (USA) v. Alcantara*, 183 F.3d 151, 152 (2d Cir. 1999)). Rather, after a court has determined that entry of default judgment against a defendant on a particular claim is appropriate, the court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty" by "determining the proper rule for calculating damages on such a claim, and assessing plaintiff's evidence supporting the damages to be determined under this rule." *Id.* (quoting *Credit Lyonnais*, 183 F.3d at 152).

III. **Discussion**

As an initial matter, the Court concludes that it has both subject-matter jurisdiction over this suit and personal jurisdiction over Verde in connection with Orient Express's claim. As to subject-matter jurisdiction, the contract at issue here is a maritime contract because its "primary objective is to accomplish the transportation of goods by sea." *Norfolk S. Ry. Co. v. Kirby*, 543 U.S. 14, 24 (2004); *see also Thypin Steel Co. v. Asoma Corp.*, 215 F.3d 273, 277 (2d Cir. 2000) ("A bill of lading for ocean carriage is a maritime contract."). The case therefore falls within this

3

Court's admiralty jurisdiction, *see* 28 U.S.C. § 1333, and this Court is empowered to enter a declaratory judgment, *see id.* § 2201(a).  And as to personal jurisdiction, Verde—which in any event has its principal place of business in New York (Compl. ¶ 3)—has consented to submit to this Court's jurisdiction through a forum-selection clause in the contract at issue (Compl. ¶ 8).

The Court therefore turns to consider whether the facts alleged in the complaint, which are accepted as true as a result of Verde's default, establish Orient Express's right to the requested relief as a matter of law.  Here, Orient Express has a valid contractual lien on the goods at issue and the right to enforce that lien by public or private sale in order to recoup "all sums due under th[e] contract," as well as "the cost of recovering such sums, inclusive of attorney fees."  (Compl. ¶ 12.)  The Court easily concludes, then, that Orient Express is entitled to a default judgment authorizing it to sell the goods at issue and to use the proceeds to recoup whatever sums Verde owes it under the contract.  The Court will enter such a judgment.

However, to the extent that Orient Express asks this Court to enter a judgment that specifically identifies what sorts of expenses Orient Express is entitled to recover from Verde—or the total amount of those expenses (*see* Dkt. No. 21 ¶ 10)—the Court is unable on the present record to do so.  First, Orient Express requests that the declaratory judgment in its favor specify that it is entitled to recoup the costs of "stor[ing], trucking, [and] warehousing" Verde's goods after Verde failed to receive them, along with interest and attorney's fees.  (*Id.*)  But Orient Express may enforce its lien to recover only those sums (and attorney's fees for collecting those sums) that are due "under th[e] contract" (Dkt. No. 1 ¶ 12), and Orient Express has neither filed a copy of the contract nor quoted its relevant substantive provisions in the complaint, *cf. APL Co. Pte. Ltd. v. Blue Water Shipping U.S. Inc.*, 779 F. Supp. 2d 358, 368 (S.D.N.Y. 2011) (quoting from a maritime contract that expressly provided that "the costs of . . . storage" in the event of

4

the consignee's failure to take possession of the goods at issue would "forthwith upon demand be paid by the Merchant to the Carrier"). Nor has Orient Express pointed to any source of legal authority that would require Verde to pay transportation or warehousing costs in the event that the terms of the contract itself do not create such a duty. The Court therefore has no present basis for making a binding legal declaration as to precisely what categories of expense Orient Express is entitled to recoup from its sale of Verde's goods.

Second, even if Orient Express had provided a basis for the Court to conclude that Verde is liable for the specific types of cost that Orient Express now seeks to recover, Orient Express has provided inadequate evidence to entitle it to a declaration that those costs total $26,076.69. (Dkt. No. 21 ¶ 10.) The only evidence Orient Express has provided in quantifying its damages is an affidavit stating that it has incurred $17,857.99 in expenses, $1,218.70 in interest, and $7,000 in attorney's fees. (*Id.*) But Orient Express has offered no explanation as to where these figures come from. For example, Orient Express has not detailed the storage and transport fees for which it seeks reimbursement, articulated the basis for its calculation of the interest due on those fees, or submitted timesheets or affidavits attesting to its attorneys' hourly rates or the number of hours those attorneys have expended on this case. Even if this Court were prepared to rule, then, that Orient Express has demonstrated its entitlement to deduct certain types of expense from the proceeds of its sale of Verde's goods, Orient Express has failed to submit the sort of "detailed affidavits [or] documentary evidence" that would provide "an evidentiary basis for the damages sought." *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Foundation Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012); *see also Perishable Food Indus. Pension Fund v. Am. Banana Co.*, No.

01 Civ. 1922, 2003 WL 21542316, at *3 (S.D.N.Y. July 1, 2003) ("A court cannot rely on an unsupported statement of damages by plaintiff to determine the amount of damages due.").

Thus, while the Court rules that Orient Express is entitled to conduct a public or private sale of the goods in its possession to recoup the amounts it is owed under the contract (along with any attorney's fees it has incurred in the process), the Court cannot on the present record take the further step of declaring as a matter of law what those amounts are.

## IV. Conclusion

For the foregoing reasons, Orient Express's motion for default judgment against Verde is GRANTED in part and DENIED in part.

It is hereby ordered that the contract of carriage at issue in this suit is wholly valid and enforceable to determine the rights, duties, responsibilities, and immunities of Orient Express and Verde; that the terms of the contract of carriage are valid and enforceable against Verde, or any other "merchant" as that term is defined within the Terms and Conditions of the bill of lading; that Orient Express is authorized to exercise its maritime lien and sell Verde's goods at either a public or private sale to recover any amount that Verde owes Orient Express under the terms of the contract, including any attorney's fees incurred in recovering that amount; and that Verde will be liable for any deficiency to the extent that the proceeds of the sale fail to cover the full amount of Verde's liability to Orient Express under the contract.

The Clerk of Court is directed to enter judgment in favor of Orient Express in accordance with this opinion, close the motion at Docket Number 20, and close this case without prejudice to Orient Express moving within thirty days of the date of this order to reopen the case and to submit further evidence in support of an updated declaratory judgment.

SO ORDERED.

Dated: May 9, 2019
New York, New York

J. PAUL OETKEN
United States District Judge